Judge Owsley
delivered the opinion of the court.
This is a contest for land. The validity of the entries under which each party claims having been heretofore decided on, and their mode of surveying directed by this court, it is now material barely to examine whether, by the decree of the court below, the' former opinion of this court has been correctly carried into effect. [J
By that decree, the appellants are required to surrender the title to that part of the land in contest, contained with? in the lipes and angles designated upon the plat by the li tters and figures Q, ft, 15, 16; whereas it is contended, that when laid down according to the former opinion of this court, Tharp’s entry includes so much only of the land as is contained within the lines and angles designated by the letters and figures Q>, 19, 20, 16.
That the latter and not the former boundary is the one for which a decree should have heen pronounced, we have no doubt.
The decree of the court below is hypothecated upon the southern corner of Wallace being at the letter B on the plat, and if that were in fact the termination of Wallace’s first line from bis beginning, tire decree would, most clearly, be correct.
But according to the former opinion of this court, Wallace’s line is directed to be extended 400 poles from the beginning, and as, by the surveyor’s r.y »¡;, that distance terminates at the figure 21, and not at the letter B, those., figures, and net the letter, must fix Wallace’s corner.
An error m an to'ry deci-.e, tioned in'tln' final decree, furmstes ne versal — vide wu ¿22,tied-acc’i'S UUi’V’
Vide Bibb, 490, the this opinion has relation.
Bibb for plaintiff, Hardin for defendant in error,
And if so, as the termination of that line regulates íhe¡ northern extremity of Tharp’s survey, the boundary Q, 19. 16, and not that of Q, R, 15, 16, must be considered including all the land to which 1'harp, by the former opinion of this court, has manifested a superior right.
Tbe' other objections taken in argument to tbe decree, as they relate to, and question the regularity of, the survey ma[]e under the interlocutory decree of tbe court below, arRl were not made in that court before final decree, should not now be regarded by this court.
The decree must, however, be reversed with cost, the cause remanded to the court below, and a decree there en-conformable to this opinion.